## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  4:12-CR-00370 |
| | ) | |
| PLAINTIFF | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| ISAAC GREEN, JR., | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the government's motion to correct indictment. (ECF No. 37.) Defendant Green has filed a response in opposition (ECF No. 41), and the government has filed a reply (ECF No. 48). The Court held a hearing on the matter on January 24, 2013. For the following reasons, the government's motion is **GRANTED**.

## I. FACTS

On August 1, 2012, defendant Isaac Green, Jr. was indicted on three counts related to possession of firearms and counterfeit currency. (ECF No. 1.) Count 1 alleges possession of unregistered firearm, a violation of 26 U.S.C. § 5861(d); Count 2 alleges felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1); and Count 3 alleges possession of counterfeit obligations, a violation of 18 U.S.C. § 472. The government brought the instant motion on January 18, 2003, seeking to amend

information in Counts 1 and 2 of the indictment pertaining to the serial numbers of two of the firearms allegedly in Green's possession.

The first firearm at issue is a "Boito FIE, .410 gauge shotgun" (the "Boito"). The Boito is the only firearm described in Count 1 and one of three firearms described in Count 2. In the original indictment, the government indicated that the Boito was "without a serial number," but now the government seeks to amend the indictment to indicate that the Boito's serial number is "80325."

The second firearm at issue is "a .357 Taurus revolver" (the "Taurus"). The Taurus is one of three firearms described in Count 2. In the original indictment, the government identified the serial number for the Taurus as "C6657514," but now the government seeks to amend the indictment to indicate that the Taurus's serial number is actually "LG657514"; in short, changing the first two characters from "C6" to "LG."

In its motion and reply brief, the government asserts that it seeks to correct "ministerial" and "typographical" errors that "are not substantive in nature." (ECF No. 37 at 435.)[1] Defendant opposes the motion, arguing that these errors are substantive in nature and may not be changed by the Court because "the serial number reflects the identity of the weapon." (ECF No. 41 at 498.) Instead, defendant contends that since the grand jury indicted the case as set forth in the indictment, the indictment should not be changed.

---

[1] References to specific pages in the record are made using the continuous pagination applied by the electronic docketing system.

At the hearing, counsel for the government explained the origin of the two errors. With respect to the Taurus, the first two characters were simply illegibly written or incorrectly transcribed or read from the inventory. With respect to the Boito, which is a sawed-off shotgun, the government explained that the individual initially involved in recording the inventory was unable to find the serial number and, therefore, when the case was presented to the grand jury, the information contained in the paperwork was that the shotgun did not have a serial number. Later, an individual more familiar with that style of firearm located the serial number behind the weapon's trigger guard, a place not clearly visible to an observer or where one unfamiliar with the firearm would necessarily look.

## II. LAW AND ANALYSIS

"It is well settled that an indictment may not be materially amended except by resubmission to the grand jury." *United States v. Mumford*, 991 F.2d 797, at *4 (6th Cir. 1993) (table) (citing *Stirone v. United States*, 361 U.S. 212, 217 (1960)). Upon motion of the government, however, a court may make changes to an indictment that are "purely matters of form." *Short v. United States*, 471 F.3d 686, 694 (6th Cir. 2006) (citing *United States v. McGrath*, 558 F.2d 1102, 1105 (2d Cir. 1977)). "An amendment will be allowed if a defendant's rights are not affected and he is adequately apprised of the charges against him so that he is protected against surprise at trial or another prosecution for the same offense." *United States v. Young Bros., Inc.*, 728 F.2d 682, 693 (5th Cir. 1984) (citing *Berger v. United States*, 295 U.S. 78, 82 (1935)); *see also United States v. Sissom*, 861 F.2d 722, at *1 (6th Cir. 1988) (table) (allowing the court to correct

a mistyped date in an indictment where the error "was not only obvious but was not in the least confusing" and "[s]ince no prejudice could be shown as a result of the error").

The Sixth Circuit case of *United States v. Hemphill*, 76 Fed. App'x 6 (6th Cir. 2003), offers some guidance on the issue. There, the court addressed whether an indictment was constructively amended when the government informed the court during trial that the firearm at issue had a different serial number than that listed in the indictment. *Hemphill*, 76 Fed. App'x at 18–19. The Sixth Circuit explained that constructive amendment of an indictment occurs when "the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential terms of an offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *United States v. Manning*, 142 F.3d 336, 339 (6th Cir. 1998) (internal quotation omitted). In *Hemphill*, the Sixth Circuit found that the indictment was not constructively amended, that is, that the changed serial number did not modify the essential terms of the offense charged[2], rejecting the defendant's argument that he would be prejudiced because he based his defense upon showing that the firearm introduced into evidence was different than that in the indictment. 76 Fed. App'x at 19. Courts have reached similar conclusions with respect to differences from the indictment descriptions relative to other characteristics of a firearm. *United States v. Robison*, 904 F.2d 365, 369

---

[2] The charge at issue in *Hemphill* was knowing use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). That count of the indictment charged that the defendant and a co-defendant " 'knowingly used, carried, and brandished a firearm, to wit, a Ruger, Model P9, Stainless .45 caliber semi-automatic pistol, serial number 5810977, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, armed robbery . . . .' " *Id.* at 18 (emphasis omitted).

4

(6th Cir. 1990) (evidence at trial of a different type of firearm than in the indictment does not give rise to constructive amendment); *United States v. Redd*, 161 F.3d 793, 796 (4th Cir. 1998) (different color of firearm); *United States v. Munoz*, 150 F.3d 401, 417 (5th Cir. 1998) (different gauge of shotgun); *United States. v. McIntosh*, 23 F.3d 1454, 1457 (8th Cir. 1994) (different brand of firearm).

Additionally, there is authority from courts outside the Sixth Circuit allowing just the sort of amendment the government seeks to make in this case. *See United States v. Jackson*, 596 F.3d 236, 244–45 (5th Cir. 2010) (a firearm's serial number can be amended because "the particular attributes of a firearm are not actual elements of the offense"); *United States v. Neff*, 525 F.2d 361, 363 (8th Cir. 1975) (changing a weapon's serial number to correct a "typographical error […] goes to the form rather than the substance of the indictment"); *United States v. Morrow*, 925 F.2d 779, 781–82 (4th Cir. 1991) ("The omission of the first digit in a seven digit serial number of a firearm set forth in an indictment does not result in a substantial amendment to the indictment or a prejudicial variance in proof when corrected at trial.")

During the hearing, defendant conceded (and the Court finds) that the serial number of a firearm is not an element of the alleged crimes, nor will the correction the government seeks to make in any way change the nature of the offenses charged. Moreover, defendant has not established that he will be prejudiced in any way by the government's proposed amendments. His expressed concern over whether the firearms in the proposed amended descriptions identify the same firearms as those identified in the indictment is the same argument the Sixth Circuit rejected in *Hemphill* and that is now

rejected by this Court herein. Finally, that the government has brought the correction to the attention of the Court and the defendant in advance of trial militates even more strongly in favor of allowing the requested changes.

Because the government's proposed amendments to the indictment are a matter of form, which do not pertain to an element of the alleged crimes or change the nature of the offenses alleged, and because defendant will not be prejudiced thereby, the Court shall permit the indictment to be amended to correct the serial number of the Taurus and include the serial number of the Boito.

## III. CONCLUSION

For the foregoing reasons, the government's motion to amend indictment is **GRANTED**.

**IT IS SO ORDERED**.

Dated: January 25, 2013

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**