UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC GREEN, JR., | ) | CASE NOS. 4:12cr370 |
| | ) | 4:15cv1529 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) | (Nunc Pro Tunc)* |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255, filed by petitioner Isaac Green, Jr. (Doc. No. 146 ("§ 2255 Mot.").) Respondent has filed an opposition to petitioner's § 2255 motion. (Doc. No. 148 ("Opp'n").) For the reasons that follow, petitioner's § 2255 motion is denied.

I. BACKGROUND

In December, 2011, police investigated suspected drug activity at petitioner's residence in Youngstown, Ohio. The investigation was prompted by information learned from a confidential informant, who told officers that unknown persons were selling narcotics from the residence and that the informant was able to purchase drugs from the residence. (Doc. No. 27-1 at 192.)[1] Thereafter, in late December, 2011, and again in June, 2012, officers supervised several "controlled buys" of crack cocaine involving the informant and an individual, later identified as defendant, in the residence. (*Id.*)

On June 21, 2012, within 72 hours of the last controlled purchase at the residence,

---
*This nunc pro tunc memorandum opinion is being issued to address the certificate of appealability.

[1] The page number references are to the page identification number generated by the Court's electronic docketing system.

officers executed a search warrant at the residence. The warrant was supported by an affidavit supplied by Youngstown Police Officer Art Carter, and contained information purportedly gleaned from the confidential informant. (*Id.* at 190-93.) The search yielded loose crack cocaine, a plate with cocaine residue, digital scales, cash, computers, guns, and materials for making counterfeit bills. Two of the three guns recovered were found in the home's detached garage. (*Id*. at 194-95.) Following the search, petitioner was charged in federal court with: (1) possessing unregistered firearms in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871; (2) being a felon in passion of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (3) possessing counterfeit obligations in violation of 18 U.S.C. § 472. (Doc. No. 1 (Indictment).)

Petitioner, through attorney Debra Migdal of the Federal Public Defender's Office, moved to suppress the fruits of the June 21, 2012 search. (Doc. No. 17.) The Court conducted an evidentiary hearing on the motion on October 25, 2012, and, on October 31, 2012, issued a Memorandum Opinion and Order denying the motion. (Doc. No. 28-1.) In so ruling, the Court specifically rejected petitioner's argument that the affidavit lacked sufficient factual detail to demonstrate the reliability of the informant and the controlled buy procedures employed by the officers. (*Id*. at 424-26.) The Court also denied petitioner's request for a *Franks* hearing, finding no evidence that the affidavit contained false statements. (*Id*. at 429-32.)

On November 8, 2012, petitioner moved for the appointment of new counsel. (Doc. No. 29.) Following a motion hearing on November 19, 2012, the Court granted the motion and appointed attorney Nathan Ray to represent petitioner. (Minutes of Proceedings, Nov. 19, 2012.) Petitioner proceeded to trial on the indictment with attorney Ray serving as trial counsel. After a two day trial, the jury returned a guilty verdict against petitioner on Count Three (possession of counterfeit obligations), but was unable to reach a verdict as to the other two counts. (Doc. No.

67.) The United States elected to proceed with a retrial of the remaining two counts, and upon retrial to a jury, petitioner was convicted of Count One (possession of unregistered firearm) and Count Two (felon in possession of firearm or ammunition). (Doc. No. 89; *see* Doc. No. 71.)

The sentencing hearing was conducted on June 28, 2013, during which petitioner elected to proceed without the assistance of counsel. The Court sentenced petitioner to a term of imprisonment of 120 months on Counts One and Two and 162 months on Count 3, with sentences on all counts to be served concurrently. (Doc. No. 109.) Petitioner filed a time appeal, limited to the issue of whether the trial court properly denied his request for a *Franks* hearing. He was represented by new counsel on appeal—attorney Ross Bergethon. On July 16, 2014, the Sixth Circuit affirmed this Court's judgment, finding that the trial court did not commit clear error in concluding that the facts did not warrant a *Franks* hearing. *United States v. Green*, 572 F. App'x 438, 439, 443-44 (6th Cir. 2014).

## II. PETITIONER'S MOTION TO VACATE UNDER § 2255

### A. Standard of Review

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citation omitted); *Capaldi v.*

*Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal.") (citation omitted); *see Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993). To assert a claim that should have been but was not raised on direct appeal, a petitioner ordinarily must show cause for the default and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1064, 140 L. Ed. 2d 828 (1998) (citations omitted); *United States v. Frady*, 456 U.S. 152, 167, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1998) (citation omitted).

A § 2255 petitioner will also be procedurally barred from re-litigating a claim that he previously raised or has attempted to raise on direct appeal. *See Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974) (citations omitted). A § 2255 motion cannot serve as a "second bite of the apple" on issues that were unsuccessfully raised on appeal or issues that could have been raised. *See DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (citation omitted). Consequently, a petitioner who intends to re-litigate a previously considered issue must persuade the court that truly exceptional circumstances justify re-examining the issue in a collateral proceeding. *See id*. (collecting cases).

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255."

(citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

### B. Issues Raised in § 2255 Motion

In his § 2255 motion, petitioner raises the following grounds for relief: (1) trial counsel and appellate counsel were constitutionally ineffective; (2) the investigating officers engaged in police misconduct; (3) the trial court abused its discretion by limiting the cross-examination of Officer Carter at the suppression hearing and by crediting the statements contained in the affidavit supporting the search warrant; and (4) the government's attorney engaged in prosecutorial misconduct and/or malicious prosecution. Many of the issues raised in the present motion to vacate center around petitioner's claim that the affidavit supporting the search warrant contained false information regarding the existence of the confidential informant because petitioner would not have permitted an unknown individual into his residence. (§ 2255 Mot. at 1829.)

#### 1. Ineffective Assistance of Counsel

In his first ground for relief, petitioner maintains that his trial and appellate counsel provided ineffective representation. The Sixth Circuit has explicitly recognized that a § 2255 motion is the proper vehicle for raising an ineffective assistance of counsel claim and that it would not entertain such a claim in a direct appeal, thus petitioner has properly brought this claim before this Court. *Singleton v. United States*, No. 93-4253, 1994 WL 464245, at *1 (6th

5

Cir. Aug. 26, 1994) (citing, among authorities, *United States v. Carr*, 5 F.3d 986, 993 (6th Cir. 1993)); *see also Massaro v. United States*, 538 U.S. 500, 504-05, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) (Supreme Court holding that a § 2255 motion is preferable to a direct appeal for deciding an effective-assistance claim).

Claims of ineffective assistance of counsel are analyzed under the familiar *Strickland* standard. Under *Strickland*, in order to succeed on such a claim, a defendant must make two showings. First, he "must show that [his] counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Second, the defendant must also show that counsel's deficient performance prejudiced him. *Id*.

Under the first *Strickland* prong, deficient performance means that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. At this stage of the analysis, the proper measure of attorney performance is an "objective standard of reasonableness," with reasonableness judged based on the particular case's facts, viewed as of the time of the attorney's conduct. *Id*. at 688, 690. Judicial scrutiny of counsel's performance, however, is "highly deferential." *Id*. at 689. Further, a court's focus is on the adequacy of "counsel's actual performance, not counsel's (hindsight) potential for improvement." *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998) (citation omitted).

In considering the second *Strickland* prong, petitioner is required to show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. However, "[an] error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691 (citation omitted). Petitioner must show "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

When reviewing claims of ineffectiveness of counsel, the Court is mindful that its scrutiny of defense counsel's performance is highly deferential. Petitioner's counsel is strongly presumed to have rendered adequate assistance, and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Strickland*, 466 U.S. at 689-90 ("strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"); *see Nix v. Whiteside*, 475 U.S. 157, 165, 106 S. Ct. 988, 89 L. Ed. 2d 123 (1986).

Petitioner lodges various complaints against attorney Migdal, claiming that she was ineffective because she failed to "investigate and properly prepare for [the] suppression hearing," and that she failed to argue at the hearing that the confidential informant identified in the affidavit supporting the search warrant did not exist. (§ 2255 Mot. at 1829.) He also claims that attorney Migdal "failed to file adequate and meaningful pre-trail [sic] motions." (*Id*. at 1830.) In support, he represents that the discovery he received in connection with his state criminal case "should have inspired Attorney Migdal to file for some Jencks Act, Brady, and or Giglio materials; such as the identity of the informant, any and all investigatory work product of the Youngstown Police Department Vice Squad Unit concerning this case." (*Id*.) He also highlights the differences in the signatures of the two affidavits signed by the state court judge, and surmises that "[m]aybe if Attorney Migdal had raised [the issue of the differences] in the district court, maybe the court would have made a different determination on its ruling." (*Id*. at 1831.)

Some of petitioner's complaints regarding attorney Migdal's performance are advanced with vague and conclusory language that fails to state a cognizable claim. For example, he does not identify what pretrial motions attorney Migdal failed to file, and, in fact, counsel did file a

7

suppression motion, the only motion he mentions in his § 2255 motion. Such a bare allegation is far too vague and conclusory to support a claim for ineffective assistance of counsel. *See United States v. Cosgrove*, 637 F.3d 646, 663 (6th Cir. 2011) ("[C]onclusory assertions of ineffective assistance are not adequate.") (citation omitted); *see also Ross v. United States*, 339 F.3d 483, 494 (6th Cir. 2003) ("An allegation entirely unsupported by the record cannot meet the prejudice component of the Strickland inquiry.")

He also takes issue with attorney Migdal's approach to prosecuting the suppression motion. Specifically, he insists that counsel should have argued that the confidential informant did not exist. Yet, the record shows that counsel did challenge the reliability of the confidential informant, criticizing the affidavit's failure to include the informant's name, his criminal history, his familiarity with cocaine, and other circumstances tending to corroborate the informant's tips. In denying the motion to suppress, the Court considered the totality of the circumstances surrounding the issuance of the warrant and concluded that there was sufficient evidence corroborating the informant's information to support a finding of probable cause. (Doc. No. 28-1 at 424-26.) Petitioner has offered no evidence tending to show that the result of the suppression hearing would have been different if counsel had shifted tack and argued that the confidential informant did not exist, rather than his information was unreliable. As such, he cannot satisfy either prong of the *Strickland* analysis.[2] *See Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001) ("A strategic decision cannot be the basis for a claim of ineffective assistance unless

---

[2] Petitioner has also failed to offer any evidence, beyond his own bare assertion that he never let strangers into his home, which would have demonstrated that the confidential informant did not exist. Naked assertions are insufficient to establish deficient performance. *See Galbraith v. United States*, 313 F.3d 1001, 1008-09 (7th Cir. 2002) (affirming the district court's rejection of a claim of ineffective assistance of counsel, where the petitioner offered only is "naked assertions" as to counsel's deficient performance and "present[ed] no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support [his] claim.")

counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness.") (citation omitted).

Petitioner levels similar attacks upon the performance of attorney Ray. Specifically, he challenges counsel's trial strategy of attempting to show that other people in the residence were selling narcotics, rather than attempting to show that the controlled buys did not happen. (§ 2255 Mot. at 1833.) The tactical decisions of a defendant's trial counsel are presumed to be part of sound trial strategy and therefore will not be subject to successful attack absent a defendant overcoming such presumption. *Darden v. Wainwright*, 477 U.S. 168, 185-87, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986). Defendant has failed to demonstrate that such a trial strategy was so unsound that it deprived defendant of his constitutional right to counsel.

Moreover, petitioner has failed to demonstrate how a different approach to attacking the evidence of drug trafficking at the residence would have resulted in a different result at trial. Petitioner was not charged with drug trafficking. While the drug trafficking information supplied by the confidential informant and the investigating officers was relevant to the question of probable cause to search the premises, it was not relevant to the events that took place after the police entered the premises and discovered the weapons and counterfeiting materials. Because petitioner has failed to demonstrate how a change in strategy as to the drug trafficking would have resulted in a different jury verdict *as to the charged offenses*, he cannot establish the prejudice prong of the *Strickland* analysis.

Petitioner's attack upon attorney Ray's cross-examination of Officer Carter is equally devoid of merit. While he complains that attorney Ray should have more "thoroughly examined Officer Carter[,]" the record reveals that counsel tested the veracity of every government witness on cross-examination, raising many of the factual discrepancies in the government's case that

petitioner has identified in his post-conviction motion. Petitioner has failed to demonstrate that attorney Ray was objectively unreasonable in his questioning of the witnesses. Of course, even if hindsight could illuminate particular lines of questioning that should have been pursued, "'[i]mpeachment strategy is a matter of trial tactics, and tactical decisions are not ineffective assistance of counsel simply because in retrospect better tactics might have been available.'" *Jaloweic v. Bradshaw*, No. 1:03 CV 0645, 2008 WL 312655, at *86 (N.D. Ohio Jan. 31, 2008) (quoting *Johnson v. Hofbrauer*, 159 F. Supp. 2d 582, 607 (E.D. Mich. 2001)).

Petitioner has failed to demonstrate that trial counsel's performance was deficient or that any purported deficiency prejudiced him. The Court must conclude, therefore, that all decisions relative to investigation, theories of defense, and pursuit of lines of questioning by both attorneys were made in the exercise of reasonable professional judgment and sound strategy. *See Nix*, 475 U.S. at 165-66; *Strickland*, 466 U.S. at 689-90; *Skaggs v. Parker*, 235 F.3d 261, 268 (6th Cir. 2000). Because petitioner has failed to rebut the strong presumption that counsel's performance was constitutionally effective, his claim of ineffective assistance of trial counsel is subject to dismissal.[3] *Strickland*, 466 U.S. at 689-90.

## 2. Defaulted claims

In his second ground for relief, petitioner identifies two areas in which he believes that the investigating police officers engaged in misconduct. First, he claims that officers falsified the affidavit as to the controlled buys at his residence and, because he claims these never took place, the officers also falsified the lab reports. Second, he claims that Officer Carter perjured himself, both in his affidavit and on the witness stand. In this third ground, petitioner claims that this

---

[3] Petitioner's claim that appellate counsel was ineffective shall be addressed as it relates to the remaining grounds for relief.

Court abused its discretion when it failed to permit petitioner to confront the informant and excluded "relevant" documents. In his fourth and final ground, petitioner claims that AUSA David Toepfer engaged in prosecutorial misconduct by relying on fabricated evidence in the affidavit supporting the search warrant and elsewhere in the record, "withheld exculpatory evidence[,]" and by giving false information to the grand jury.

Many of the issues relating to possible untrue statements in the affidavit were raised on appeal in connection with petitioner's challenge to this Court's denial of a *Franks* hearing. As previously noted, the Sixth Circuit ruled that this Court did not commit clear error when it failed to afford petitioner a *Franks* hearing on the basis that there were false statements in the affidavit. Petitioner has failed to identify any "highly exceptional circumstance," such as a change in controlling law, that would justify re-visiting that ruling on a collateral attack. *See DuPont*, 76 F.3d at 110 ("A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.") (quotation marks and citation omitted); *Giraldo v. United States*, 54 F.3d 776 (6th) (unpublished table decision) ("It is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law.") (citation omitted).

All of the remaining issues could have and should have been raised on direct appeal, and are, therefore, procedurally defaulted unless petitioner can show cause and prejudice for the default. *See Frady*, 456 U.S. at 164-65; *Murr v. United States*, 200 F.3d 896, 900 (6th Cir. 2000) (citation omitted); *see also Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). It is true that an appellate counsel's inexcusable failure to raise an issue on appeal can serve as cause to exclude a procedural default. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L.

Ed. 2d 397 (1986); *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004). However, "[c]ounsel's failure to raise an issue on appeal [can] only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *McFarland*, 346 F.3d at 699 (citation omitted).

A failure to raise a meritless claim will never support a claim of ineffective assistance of counsel, and, cannot, therefore, supply cause and prejudice for a procedural default. *See Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999). Even with respect to potentially meritorious claims, "counsel has no obligation to raise every possible claim . . . and the decision of which among the possible claims to pursue is ordinarily entrusted to counsel's professional judgment." *McFarland*, 356 F.3d at 710 (internal citations omitted); *see United States v. Robinson*, Crim. No. 04-80423, 2009 WL 6388379, at *4 (E.D. Mich. Feb. 27, 2009) ("As in any counsel ineffectiveness claim, sound strategic choices as to which issues to pursue on appeal are given a generous degree of deference[.]") (citing *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990)).

The Sixth Circuit has identified a list of factors to guide a court's determination of whether appellate counsel has satisfied the objective standard of reasonableness on direct appeal. Such factors include whether: (1) the omitted issue was significant and obvious; (2) there existed contrary authority to the defendant's position on the omitted issue; (3) the omitted issue was clearly stronger than the issues presented on direct appeal; (4) the omitted issue was raised at the trial level; (5) the ruling of the trial court, if any, on the omitted issue, was subject to deference on appeal; (6) appellate counsel testified in a collateral proceeding as to his appeal strategy; (7) appellate counsel's level of expertise and experience was sufficient; (8) appellate counsel and the petitioner conferred about possible issues for appeal; (9) evidence indicated that counsel reviewed all of the material facts and issues; (10) the omitted issues dealt with another

assignment of error; and (11) the decision to omit the issue was an unreasonable one that only an incompetent attorney would make. *Mapes*, 171 F.3d at 427-28.

Here, petitioner has not satisfied the *Strickland* standard as applied to counsel on appeal. The majority of petitioner's complaints of police and prosecutorial misconduct, and at least one of the complaints relating to the trial court, all harken back to the issues surrounding the sufficiency of the affidavit supporting the search warrant. The Court's ruling on the factual issues surrounding petitioner's suppression motion are reviewed for clear error, and the evidence is viewed "'in the light most likely to support the district court's decision.'" *United States v. Hurst*, 228 F.3d 751 (6th Cir. 2000) (quoting *United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999)). The deference afforded to the very issues petitioner now raises weighs against a finding of ineffective assistance. Additionally, as previously noted, many of the factual issues were raised in connection with the asserted appellate issue involving the denial of the request for a *Franks* hearing, and petitioner has failed to cite the Court to any arguably contrary authority that could have altered the outcome or would suggest that he could prevail on these issues.

Further, petitioner does not challenge his appellate counsel's level of experience and expertise, nor does he suggest that he did not review possible appellate issues with counsel. Instead, petitioner claims that when he discussed possible appellate arguments, appellate counsel advised him that "after he had reviewed all of the transcripts that the only issue he found viable was the denial of the *Franks* hearing." (§ 2255 Mot. at 1835.) Petitioner states that he wrote appellate counsel several letters attempting to provide his "insight" on the issues he wanted to raise on appeal. He offers his suspicion that "if Attorney Bergethon was abreast of what really transpired at the suppression hearing [petitioner] would have prevailed [on appeal]." (*Id.*) He

further opines that "if [he] had had more communication with Attorney Bergethon [he] would have been able to raise more than just the one issue . . . ." (*Id.*)

Petitioner does not indicate, however, that counsel was unwilling to communicate with him regarding these issues, and, in fact, it is clear that he was able to communicate with counsel by phone and by letters.[4] He does not identify any issues he was unable to discuss with counsel, or explain how more discussion would have resulted in counsel raising additional issues. Rather, it is clear from petitioner's own recitation of his communications with counsel, that counsel considered these other issues and rejected them after he reviewed the record. Finally, as previously mentioned, many of these issues were already covered in the *Franks* hearing issue that appellate counsel did raise on appeal. Given the Court's ruling on the suppression motion, and the Sixth Circuit's ruling on the *Franks* hearing issue, the Court cannot say that the omitted issues were "significant and obvious" or that the decision to omit these issues was one only an incompetent attorney would adopt.[5] For the same reasons, the Court cannot conclude that the results of the appeal would have been different if these issues had been presented in the manner in which petitioner now advocates. As such, petitioner cannot satisfy either prong of the *Strickland* analysis, and, therefore, he cannot establish cause and prejudice to excuse his procedural default on these claims. Petitioner is not entitled to relief from the Court's judgment.

---

[4] Petitioner complains that one of his phone conversations with appellate counsel was cut short by the counselor at the prison. (*Id.*) He does not suggest, however, that counsel refused to speak with him or answer his written correspondence.

[5] Petitioner does not identify what "relevant" documents the Court failed to admit at trial, and further fails to identify what "exculpatory evidence" the government failed to produce. These vague and conclusory allegations could not have supported viable appellate issues.

C.  **Evidentiary Hearing**

Petitioner seeks an evidentiary hearing on his § 2255 motion. However, as set forth above, petitioner's claims are in direct conflict with the record, unsupported conclusions rather than statements of fact, or do not entitle him to relief even if true. *Arrendondo*, 178 F.3d at 792; *see also Fontaine v. United States*, 411 U.S. 213, 215, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973). Also, as outlined above, several of the raised claims are procedurally barred, and, as such, an evidentiary hearing to flesh out these claims is unnecessary. Accordingly, petitioner's request for an evidentiary hearing is denied.

III.  **MISCELLANEOUS MOTIONS**

There are also a number of matters presently before the Court that are related to petitioner's § 2255 motion. On August 4, 2015, the Court established a briefing schedule whereby respondent was to file a response within 30 days of the Court's Order and petitioner was permitted to file a reply within 30 days thereafter. (Doc. No. 147.) Respondent filed a timely response, but petitioner failed to file a timely reply.

Instead, on December 28, 2015 (approximately 3 months beyond the time permitted for a reply), petitioner filed a document styled "Writ of Praecipe," to which he appended a proposed reply brief, a request for discovery, and an undated transmittal letter. (Doc. No. 149 and Doc. Nos. 149-1 through 149-3.) In this filing, petitioner maintained that he had sent a copy of the attached reply brief to the Clerk's Office on September 26, 2015 for filing, and sent a copy of the reply brief to respondent on September 6, 2015. He further claims to have sent copies of the request for discovery to the Clerk's Office and respondent on November 20, 2015. According to petitioner, with each of these filings, he requested that the Clerk's Office return to him time-

stamped copies for his records. When he did not receive time-stamped copies of any of his filings from the Clerk's Office, he represents that, "on or about the week of December 14, 2015," he requested that the Clerk's Office furnish him a copy of the docket. (Doc. No. 149 at 1926.) It was only after he viewed the docket that he realized that the Clerk's Office had failed to file his reply and his request for discovery.

The Court has reviewed the docket and finds that it fails to substantiate any of petitioner's claims regarding his efforts to timely file these documents. Moreover, the record does not support a finding that petitioner requested and received a copy of the docket in December, 2015. Thus, to the extent that the proposed writ can be interpreted as a motion to file the reply and request for discovery, *instanter*, it is denied. Additionally, the Court has reviewed the proposed request for discovery and finds that it is without merit. As for the proposed reply, it does little more than repeat the arguments raised in the § 2255 motion and offers no additional guidance for the Court in resolving the present § 2255 motion.

On February 1, 2016, petitioner refiled his motion for discovery. (Doc. No. 150.) He seeks discovery related to the identity of the informant who participated in the controlled purchases of narcotics in petitioner's residence. According to petitioner, discovery will allow him to further develop the arguments raised in his § 2255 motion. (*Id*. at 1953.) There is no automatic right to discovery in connection with the preparation of a § 2255 motion. *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (quotation marks omitted)). Pursuant to Rule 6, which accompanies § 2255, it is within the district court's discretion to grant discovery in a habeas case upon a fact specific showing of good cause only. Rule 6, 28 U.S.C. foll. § 2255; *Stanford*, 266 F.3d at 460; *see also Bracy v. Gramley*, 520 U.S. 899, 909, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997) (Good cause

requires more than speculation, and instead the petitioner must show that "if the facts are fully developed, [the petitioner may] be able to demonstrate that he is . . . entitled to relief.") Rule 6(a) provides, in relevant part, that: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure, or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a), 28 U.S.C. § 2255. The burden of demonstrating the materiality of the information requested is on the moving party. *See Stanford*, 266 F.3d at 460 (citing *Murphy v. Johnson*, 205 F.3d 809, 813-15 (5th Cir. 2000)).

Petitioner has not shown good cause for the requested discovery. The information he seeks, including all of the records from the Youngstown Police Department relative to the underlying investigation, relate to either the defaulted claims petitioner is precluded from raising in a § 2255 motion, or the claim petitioner already unsuccessfully raised on direct appeal. Because this information would not aid petitioner in prosecuting his § 2255 motion, the request for it is denied.

Finally, petitioner moves for the appointment of counsel and for an extension of time in which to supplement his motion to vacate. (Doc. No. 151.) The impetus for this motion is a form letter he received from an attorney from the Federal Public Defender's Office advising of the possible impact a recent Supreme Court decision may have on certain sentences. (Doc. No. 151-1 at 1959 (citing *Johnson v. United States*, 135 S. Ct. 2551 (2015)). There is no constitutional or statutory right to counsel at the habeas corpus stage. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citation omitted); 28 U.S.C. § 2255; *see also* 18 U.S.C. § 3006A(a)(2)(B) ("representation *may* be provided") (emphasis added). The decision to appoint counsel for federal habeas motion proceedings rests within the discretion of the court and is required only when the interests of justice so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986)

(citation omitted). Having considered the motion of petitioner, in conjunction with the record in this case, the Court finds that justice does not require the appointment of counsel in this instance.[6]

### IV.  CONCLUSION

For all of the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence (Doc. No. 146) is denied, as his request for an evidentiary hearing. All other pending motions (Doc. Nos. 149, 150, 151) are also denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2255(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: August 26, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[6] In reviewing petitioner's presentence report, it appears that the Supreme Court's recent decision in *Johnson, supra,* would not affect petitioner's sentence.