# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC GREEN, JR, | ) | CASE NO. 4:12CR370 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the motion of *pro se* petitioner Isaac Green, Jr. ("Green") to reopen 28 U.S.C. § 2255 proceedings, pursuant to Fed. R. Civ. P. 60(d)(1), asking the Court to revisit its order denying his motion to vacate his sentence. (Doc. No. 160 ["Rule 60(d) Mot."].) In support of his Rule 60(d) motion, Green requests leave to expand the record. (Doc. No. 161 ["Mot. Expand"].) As the Court does not require any response from respondent United States of America (the "government"), these matters are ripe for review. For the reasons to follow, both motions are DENIED.

## I. BACKGROUND

In January 2013, a federal jury convicted Green of possession of counterfeit obligations, a violation of 18 U.S.C. § 472, but was unable to reach a verdict as to two other charges contained in the federal indictment issued August 1, 2012. (Doc. No. 67 (Verdict); *see* Doc. No. 1 (Federal Indictment).) The government elected to proceed with a retrial of the remaining two counts, and upon retrial to a federal jury in March 2013, Green was convicted of possession of an

unregistered firearm, a violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, and being a felon in possession of firearms, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 89 (Verdicts).) On June 28, 2013, this Court sentenced Green to a term of imprisonment of 120 months. (Doc. No. 109 (Judgment).) Green took a direct appeal and, on July 16, 2014, the Sixth Circuit affirmed this Court's judgment. *United States v. Green*, 572 F. App'x 438 (6th Cir. 2014).

On August 3, 2015, Green filed a motion to vacate the Court's judgment under 28 U.S.C. § 2255, alleging ineffectiveness of counsel, police misconduct by state police officers who executed the search warrant at Green's residence, this Court's limitation of cross-examination of a police officer at the suppression hearing, and prosecutorial misconduct and/or malicious prosecution. (Doc. No. 146 ["2255 Mot."].)[1] The Court denied the motion, finding that counsel was not constitutional ineffective and further finding that the remaining claims were procedurally barred. (Doc. No. 152 (Memorandum Opinion).) Green appealed the Court's denial of his § 2255 motion, and the Sixth Circuit remanded for the limited purpose of determining whether to grant a certificate of appealability. (Doc. No. 155.) On August 26, 2018, the Court declined to certify an appeal. (Doc. No. 156 (Memorandum Opinion *Nunc Pro Tunc*).) In a decision dated January 9, 2017, the Sixth Circuit denied Green's application for a certificate of appealability, finding that "[r]easonable jurists would not debate the district court's ruling on" the issues raised in Green's § 2255 motion. (Doc. No. 158 (Order) at 2009-11.[2])

---

[1] Prior to sentencing, Green filed a § 2255 motion, along with a post-trial motion for a new trial. (Doc. No. 96; *see* Doc. No. 90.) The Court denied this initial § 2255 motion without prejudice as premature. (Doc. No. 99 (Memorandum Opinion and Order).)

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

## II. DISCUSSION

Citing *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), Green argues that this Court was without jurisdiction to issue its pre-trial ruling on his motion to suppress because:

> the conduct by local police in executing the state issued search warrant did not raise a federal question, necessary to be regulated under the jurisdiction of this court . . .; [and] Federal Courts should not enjoin state court matters . . . .

(Rule 60(d) Mot. at 2016) (citations and numerals omitted).) In support of Rule 60(d) relief, he requests leave to expand the record to include a letter, dated October 2, 2012, from the Mahoning County Prosecuting Attorney advising that the state charges against Green were "dismissed due to current pending federal charges[,]" referring to the charges contained in the indictment in this federal action. (Doc. No. 161-1 (Letter) at 2027.)

Rule 60(d)(1) provides that a court may "entertain an independent action to relieve a party from a judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(d)(1). The Sixth Circuit has identified the "indisputable elements" of an independent action as:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011) (quoting *Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987) (per curiam)). This relief is only available "to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47, 118 S. Ct. 1862, 141 L. Ed. 2d 32 (1988). A "grave miscarriage of justice" is a "stringent and demanding

standard" and, in a habeas context, a claimant must "make a strong showing of actual innocence." *Mitchell*, 651 F.3d at 595-96.

Green has failed to satisfy the elements for an independent action, and has further failed to make a showing of actual innocence. He has neglected to put forward *any* facts suggesting that he did not commit the federal crimes for which he was convicted. Moreover, there has been no miscarriage of justice or fraud regarding his federal convictions. Instead, misapplying several legal concepts relating to jurisdiction and abstention, Green erroneously suggests that this Court was without jurisdiction either to preside over the prosecution of the federal charges for which he was convicted or to consider the constitutionality of the evidence offered in support of those charges. Of course, it is well-established that "a federal prosecution does not bar a subsequent state prosecution of the same person for the same acts, and a state prosecution does not bar a federal one." *United States v. Wheeler*, 435 U.S. 313, 317, 98 S. Ct. 1079, 55 L. Ed. 2d 303 (1978) (citing *Bartkus v. Illinois*, 359 U.S. 121, 79 S. Ct. 676, 3 L. Ed. 2d 684 (1959); *Abbate v. United States*, 359 U.S. 187, 79 S. Ct. 666, 3 L. Ed. 2d 729 (1959)).[3] And it is equally beyond dispute that a federal court may consider evidence obtained by state law enforcement, provided the search did not violate the United States Constitution. *Cf. Elkins v. United States*, 364 U.S. 206, 223-24, 80 S. Ct. 1437, 4 L. Ed. 2d 1669 (1960); *see, e.g., United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir. 1994) (setting forth "the appropriate inquiry for a federal court considering a motion to suppress evidence seized by state police officers").

---

[3] In *Wheeler*, the Supreme Court explained that: "*Bartkus* and *Abbate* rest on the basic structure of our federal system, in which States and the National Government are separate political communities. State and Federal Governments [derive] power from different sources, each from the organic law that established it. Each has the power, inherent in any sovereign, independently to determine what shall be an offense against its authority and to punish such offenses, and in doing so each is exercising its own sovereignty, not that of the other." *Id*. at 320 (quotation marks and internal citation omitted).

Green's jurisdictional argument is baseless and, accordingly, he has failed to demonstrate that he is entitled to relief under Rule 60(d).

### III. CONCLUSION

For the foregoing reasons, Green's Rule 60(d) motion (Doc. No. 160) and his motion to expand the record (Doc. No. 161) are DENIED. Further, the Court CERTIFIES, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: April 26, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**